UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMIAH ENGLAND,

        Petitioner,               Case Number: 2:18-12675
                                        HON. NANCY G. EDMUNDS

v.

THOMAS WINN,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY

This is a habeas case filed under 28 U.S.C. § 2254. Petitioner Jeremiah England is a state inmate currently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan. He challenges his convictions for four counts of first-degree criminal sexual conduct, and two counts of second-degree criminal sexual conduct. Because Petitioner failed to exhaust state court remedies for two of the five claims raised in the petition, the Court dismisses the petition for a writ of habeas corpus without prejudice.

### I. Background

A jury in Eaton County Circuit Court convicted Petitioner of four counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(h)(i), and two counts of second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c(1)(h)(i). On September 18, 2015, he was sentenced to 15 to 30 years in prison on two counts of first-degree criminal sexual conduct (to be served consecutively to one another), 11 to 25 years

in prison on the other two counts of first-degree criminal sexual conduct, 7 to 15 years in prison on one count of second-degree criminal sexual conduct, and 5 to 15 years on the other count of second-degree criminal sexual conduct.

Petitioner filed an appeal of right in the Michigan Court of Appeals raising these claims: (i) Petitioner was denied right to confront witnesses against him and right to present a defense; (ii) imposition of consecutive sentences was an abuse of discretion; and (iii) resentencing is required under *People v. Lockridge*, 498 Mich. 358 (Mich. 2015). The Michigan Court of Appeals affirmed Petitioner's convictions and sentences. *People v. England*, No. 329739, 2017 WL 359722 (Mich. Ct. App. Jan. 24, 2017). Petitioner filed an application for leave to appeal in the Michigan Supreme Court raising the same claims raised in the Michigan Court of Appeals and two ineffective assistance of counsel claims. The Michigan Supreme Court denied leave to appeal. *People v. England*, 501 Mich. 862 (Mich. Sept. 12, 2017).

Petitioner filed the pending habeas petition on August 27, 2018. He raises the same claims presented to the Michigan Supreme Court.

## II. Discussion

### A.

Upon the filing of a habeas corpus petition, the court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section

2254 cases. If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The habeas petition contains unexhausted claims; therefore, the petition will be dismissed.

B.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). To exhaust state court remedies, a claim must be fairly presented "to every level of the state courts in one full round." *Ambrose v. Romanowski*, 621 Fed. App'x 808, 814 (6th Cir. 2015). A petitioner bears the burden of showing that state court remedies have been exhausted. *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012).

Petitioner's raised his fourth and fifth claims for habeas corpus relief, regarding ineffective assistance of counsel, for the first time in his application for leave to appeal to the Michigan Supreme Court. Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). The Sixth Circuit repeatedly has held that a habeas petitioner does not comply with the exhaustion requirement when he fails to

raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court. *See Hickey v. Hoffner*, 701 Fed. App'x 422, 425 (6th Cir. 2017); *Skinner v. McLemore*, 425 Fed. App'x 491, 494 (6th Cir. 2011). Petitioner's fourth and fifth claims, therefore, are not properly exhausted.

A habeas petitioner is only entitled to relief if the petitioner can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon Petitioner's habeas claims before he can present those claims to this Court. Otherwise, the Court cannot apply the habeas standard of 28 U.S.C. § 2254. Furthermore, the state court proceedings may result in the reversal of Petitioner's convictions, thereby mooting the federal questions presented. Non-prejudicial dismissal of the petition is warranted under such circumstances.

A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). However, stay and abeyance is available only in "limited circumstances" when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless."

*Id.* at 277.

Petitioner has not shown the need for a stay because the one-year limitations period applicable to habeas corpus petitions is not at risk of expiring while he exhausts his state court remedies. The one-year period does not begin to run until the conviction becomes final, 90 days after the conclusion of direct appeal. *Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012) (stating that a conviction becomes final when the time for filing a certiorari petition expires). Petitioner's state court conviction became final on December 11, 2017, when the time for filing a certiorari petition expired. *Id.* The one-year limitations period commenced the following day, December 12, 2017. *See Bronaugh v. Ohio*, 235 F.3d 280, 284–85 (6th Cir. 2000) (holding that the last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions). Petitioner filed the pending petition on August 27, 2018, more than three months before the expiration of the limitations period on December 12, 2018. Assuming that Petitioner promptly files an appropriate post-conviction motion in the state court, the remaining portion of the limitations period should allow him ample time to re-file his petition including the exhausted and unexhausted claims, after the conclusion of any proceedings on his motion in the state trial and appellate courts, because "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Petitioner has ample time to

fully exhaust his state court remedies and return to federal court should he wish to do so. A stay is unwarranted and non-prejudicial dismissal of the habeas petition is appropriate.

### III. Conclusion

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists would not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability.

**SO ORDERED.**

x /s/ Nancy B. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated: 9-17-18